IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE WILSON, and KEVIN HAMMOND,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  No.<br>)<br>)<br>)  Plaintiffs' Demand Trial<br>)  By Jury<br>)<br>)<br>) |

## COMPLAINT

COMES NOW plaintiffs Stephanie Wilson and Kevin Hammond and for their causes of action against defendant State Farm Fire and Casualty Company state as follows:

1. This is an action by plaintiffs against defendant State Farm Fire and Casualty Company pertaining to the handling of insurance claims and damages relating to insurance coverage and for insurance benefits provided by State Farm and claimed by plaintiffs.

2. Plaintiff Stephanie Wilson and Plaintiff Kevin Hammond are, and were at all material times, married.

3. At all times mentioned herein, plaintiff Stephanie Wilson was and is a citizen

and resident of the State of Missouri.

4.  At all times mentioned herein, plaintiff Kevin Hammond was and is a citizen and resident of the State of Missouri.

5.  Plaintiffs Stephanie Wilson and Kevin Hammond are retired police officers.

6.  Defendant State Farm Fire and Casualty Company (hereinafter "State Farm") is an Illinois corporation with its principal office and place of business in the State of Illinois.

7.  Defendant State Farm is a citizen and resident of Illinois.

8.  There is complete diversity of citizenship among the parties, that is, no plaintiff is a citizen of Illinois and State Farm has Illinois citizenship.

9.  The amount in controversy is in excess of $75,000 exclusive of interest and costs.

10.  For venue purposes, Defendant State Farm is a resident of Madison County, Illinois as it has offices and agents and is doing business in Madison County, Illinois.

11.  At all material times, Bryan O'Bannon was an employee and agent of defendant State Farm serving as its "claim specialist."

12.  The acts and acts of omission as described herein of Bryan O'Bannon were performed within the scope and course of his employment and agency with defendant State Farm.

13.  Defendant State Farm assigned Bryan O'Bannon to handle plaintiffs'

insurance claims.

14. Plaintiffs Stephanie Wilson and Kevin Hammond are owners of residential dwelling located at 1710 Georgia St., Louisiana, Missouri (hereinafter "Home").

15. The Home was a two-story residential dwelling.

16. The Home was a restored and up-dated historic building.

17. The Home was originally built over 100 years ago.

18. The renovations and up-dates to the Home consisted of additions and interior updates.

19. The main building frame, roof and supporting structure of the home remained from the original construction.

20. Prior to July, 2017 Plaintiffs Stephanie Wilson and Kevin Hammond, along with their two minor children, moved to the Home to use as their residence.

21. Plaintiffs Wilson and Hammond intended to reside and live in the Home and intend to continue to reside in the home in the future.

22. Plaintiffs Stephanie Wilson and Kevin Hammond maintained their personal property on and within the Home premises.

23. Plaintiffs Stephanie Wilson and Kevin Hammond entered into a home owners insurance policy agreement with defendant State Farm (hereinafter "State Farm Policy").

24. By information and belief, the State Farm Policy was designated by

defendant State Farm as Policy Number 25-CQ-G479-1.

25.  By information and belief, a true and correct copy of the State Farm Policy is attached hereto as Exhibit 1.

26.  The State Farm Policy was issued and signed by its President and Secretary at Bloomington, Illinois.

27.  The State Farm Policy provided coverage, inter alia, of the Home, its extensions, personal property and loss of use.

28.  On the evening of July 22, 2017, a storm struck Louisiana, Missouri.

29.  The storm caused a large tree on the property of the Home to snap and fall into the House.

30.  The fallen tree fell into that part of the Home that included the original structure.

31.  The fallen tree caused extensive damage to the Home and portions of plaintiffs Stephanie Wilson and Kevin Hammond's personal property.

32.  The damage from the fallen tree ripped a large and jagged hole in the roof of the House.

33.  The damage from the fallen tree rendered the Home uninhabitable in its damaged condition.

34.  Because of the uninhabitable condition of the Home the plaintiffs had to find temporary housing.

35.  Plaintiffs first took up temporary housing in Madison County Illinois and started the initiation of their insurance claims and losses with State Farm.

36.  Plaintiffs Stephanie Wilson and Kevin Hammond provided adequate and timely notice oto defendant State Farm as required by the State Farm Policy.

37.  Plaintiffs Stephanie Wilson and Kevin Hammond submitted for payment real and personal property damage claims to defendant State Farm for such damage suffered directly or as a consequence of the fallen tree.

38.  Plaintiffs Stephanie Wilson and Kevin Hammond submitted said real and personal property damage in accordance with the directives of defendant State Farm.

39.  Plaintiffs Stephanie Wilson and Kevin Hammond have performed all conditions precedent in accordance with the insurance agreement.

40.  In breach of the State Farm Policy, defendant State Farm has refused the full, covered payment on the Home dwelling.

41.  In breach of the State Farm Policy, defendant State Farm has refused the full, covered payment for plaintiffs' personal property damage.

42.  The State Farm Policy required payment by defendant State Farm of plaintiffs' housing while damaged dwelling is uninhabitable and under the policy plaintiffs, with the consent of State Farm, assumed residency in Illinois while State Farm was adjusting plaintiffs' claims.

43.  Defendant State Farm utilized a third-party named ALE Solutions, a citizen

of Illinois with its principal place of business in Illinois, to administer the housing benefit to plaintiffs following the casualty.

44. While the conditions of the housing benefit remained, defendant abruptly, and without any prior notice, discontinued further authorizing payments on behalf of plaintiffs to end on or about January 31, 2019.

45. Plaintiffs first learned of the possible discontinuation of the housing benefit after the time to provide the rental unit landlord with thirty (30) day notice to terminate the lease.

46. State Farm failed to respond to inquiries from plaintiffs regarding the status of the housing benefit, including housing benefits for temporary housing in the State of Illinois.

47. A representative of ALE Solutions initially stated that ALE Solutions attempt to communicate with State Farm went unanswered and the time for renewal of the benefit lapsed.

48. Subsequently, ALE Solutions sent a written notice in the first week of January, 2019, that the housing benefit would cease on January 31, 2019 leaving plaintiffs without a home and without financial means to pay for temporary housing.

49. The notice further stated that plaintiffs would be charged $250/per day if the rented furniture that has been part of the housing benefit was not returned by January 31, 2019.

COUNT I – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff Stephanie Wilson states her causes of action against defendant State Farm Fire and Casualty Company (hereinafter "State Farm") in this Count I for intentional infliction of emotional distress, as follows:

50.  Plaintiff Stephanie Wilson re-alleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 49 above.

51.  Bryan O'Bannon, in his capacity as claims specialist for defendant State Farm, was assigned plaintiffs' insurance claim to conduct and resolve it on behalf of State Farm.

52.  The conduct as described herein was performed by Bryan O'Bannon, as the employee and agent of defendant State Farm.

53. In acting in the business of casualty insurance, defendant State Farm and O'Bannon  are aware that their insureds may be in a difficult circumstance following a casualty, including financial and other strains.

54.  Bryan O'Bannon and State Farm were aware that the damage to plaintiffs' home was catastrophic.

55.  Bryan O'Bannon and State Farm were aware that plaintiffs were reliant on the State Farm Policy proceeds and that they would undergo significant anxiety, hardship and financial strain in the pendency of the claim.

56.  Bryan O'Bannon and State Farm owed a duty to plaintiffs in the resolution

of their claims in good faith.

57. Defendant State Farm's conduct as described herein with respect to the handling and disposition of the claims made by plaintiffs was extreme and outrageous so as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

58. Defendants conduct was intentional and/or done recklessly.

59. Said conduct of defendants caused severe emotional distress on plaintiff Stephanie Wilson.

60. Said emotional distress suffered by Stephanie Wilson was medically significant and diagnosed by a medical physician.

61. Said emotional distress is medically significant and has included the prescription of pharmacological medicines as treatment.

62. The medically significant and diagnosed emotional distress suffered by plaintiff Stephanie Wilson was caused by the intentional acts of defendants as described herein.

63. The medically significant and diagnosed emotional distress suffered by plaintiff Stephanie Wilson has resulted in damage to her, including:

    a.    Past medical care and expenses;

    b.    Anticipated future medical care and expenses;

    c.    Emotional distress and anxiety; and

    d.    The loss of enjoyment of life.

64.    Said damages of plaintiff Stephanie Wilson are in excess of Seventy Five Thousand Dollars ($75,000.00), stated for jurisdictional purposes only.

WHEREFORE plaintiff Stephanie Wilson prays the Court enter judgment in this Count I for her and against defendant State Farm Fire and Casualty Company for that amount to fairly and wholly compensate her for the damages said defendants' intentional acts caused, the costs expended herein and for any other such judgment favorable to plaintiffs the Court deems fair and just.

COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff Stephanie Wilson states her causes of action against defendant State Farm Fire and Casualty Company (hereinafter "State Farm") and defendant Bryan O'Bannon in this Count II for negligent infliction of emotional distress, as follows:

65.  Plaintiff Stephanie Wilson re-alleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 64 above.

66.  Defendants did, or should have realized, that their conduct as described herein involved an unreasonable risk causing plaintiff Stephanie Wilson distress.

67.  As a direct cause of such conduct as described herein, plaintiff Stephanie Wilson suffered emotional distress or mental injury that is medically diagnosable and of sufficient severity so as to be medically significant as described herein.

68.  The medically significant and diagnosed emotional distress suffered by

plaintiff Stephanie Wilson has resulted in damage to her, including:

    a.    Past medical care and expenses;

    b.    Anticipated future medical care and expenses;

    c.    Emotional distress and anxiety; and

    d.    The loss of enjoyment of life.

69.    Said damages of plaintiff Stephanie Wilson are in excess of Fifty Thousand Dollars ($75,000.00), stated for jurisdictional purposes only.

WHEREFORE plaintiff Stephanie Wilson prays the Court enter judgment in this Count II for her and against defendant State Farm Fire and Casualty Company for that amount to fairly and wholly compensate her for the damages said defendants' intentional acts caused, the costs expended herein and for any other such judgment favorable to plaintiffs the Court deems fair and just.

## Count III – Breach Of Insurance Agreement

Plaintiffs Stephanie Wilson and Kevin Hammond state their causes of action against defendant State Farm Fire and Casualty Company (hereinafter "State Farm") in this Count III for breach of insurance agreement as follows:

70.    Plaintiffs re-allege and incorporate by reference as though fully set forth herein the allegations contained in paragraphs 1 through 69 above.

71.    As described above, defendant State Farm breached the State Farm Policy by failing to perform its obligations with respect to payments for the dwelling, personal

property, and housing.

72.  As a direct cause of said breaches, plaintiff Stephanie Wilson and Kevin Hammond suffered damage.

73.  Said damages include the non-payment of insurance proceeds for the damaged Home, personal property and housing expenses for which they had contracted for in the State Farm Policy and did not receive.

74.  Said damages are in excess of Seventy Five Thousand Dollars ($75,000.00), stated for jurisdictional purposes only.

WHEREFORE plaintiffs Stephanie Wilson and Kevin Hammond pray the Court enter judgment in this Count III for them and against defendant State Farm Fire and Casualty Company for that amount to fairly and wholly compensate them for the damages said defendant's breach caused and in excess of Seventy Five Thousand Dollars ($75,000.00), the costs expended herein and for any other such judgment favorable to plaintiffs the Court deems fair and just.

## COUNT IV – For Improper, Unreasonable and Vexatious Claims Practice

Plaintiffs Stephanie Wilson and Kevin Hammond state their causes of action against defendant State Farm Fire and Casualty Company (hereinafter "State Farm") in this Count IV for improper, unreasonable and vexatious refusal to pay insurance benefits, as follows:

75.  Plaintiffs re-allege and incorporate by reference as though fully set forth

herein the allegations contained in paragraphs 1 through 74 above.

76. Plaintiff Stephanie Wilson and Kevin Hammond had a valid insurance agreement with defendant State Farm, namely the State Farm Policy.

77. Defendant State Farm has refused to pay plaintiff Stephanie Wilson and Kevin Hammond for their full policy coverage with respect to damage to the Home, their personal property, and housing benefits.

78. Defendant State Farm was without reasonable cause or excuse in refusing such payments.

79. Plaintiffs believe and therefore allege that the ultimate decisions and denials of insurance benefits by State Farm occurred at State Farm's principal place of business in Illinois.

80. Defendant State Farm's unreasonableness and lack of excuse was further demonstrated by its conduct throughout the claim period, which included violation of the following statutory provisions found in 215 Ill. Comp. Stat. Ann. 5/154.6:

(a) Knowingly misrepresenting to claimants and insureds relevant facts or policy provisions relating to coverages at issue;

(b) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

(c) Failing to adopt and implement reasonable standards for the prompt investigations and settlement of claims arising under its policies;

(d) Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

(e) Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

(f) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(g) Attempting to settle a claim for less than the amount to which a reasonable person would believe the claimant was entitled, by reference to written or printed advertising material accompanying or made part of an application or establishing unreasonable caps or limits on paint or materials when estimating vehicle repairs; and

(h) Failing in the case of the denial of a claim or the offer of a compromise settlement to promptly provide a reasonable and accurate explanation of the basis in the insurance policy or applicable law for such denial or compromise settlement.

81.  Plaintiffs claim further rights to damages under 215 ILCS 5/155(1)(a)–(c) which states:

"Attorney fees. (1) In any action by or against a company wherein there is in issue * * * the amount of the loss payable thereunder, or for an unreasonable

delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed [60% of the recovery amount, $60,000, or excess over amount offered in settlement and the amount to which the insured is entitled to recover]."

82. Pleading in the alternative, and in the event the court declares that Missouri law is applicable, plaintiffs claim damages under Missouri Vexatious Refusal Statutes including Section 375.420, RSMo for the following actions:

   a. A failure to communicate with plaintiffs despite repeated requests for open communication;

   b. The prolonged withholding of benefits approved for payment;

   c. Defendant Bryan O'Bannon withholding a $10,000.00 benefit payment claiming it was "lost" when he possessed it throughout the delay;

   d. Unreasonable and unfounded discrediting of plaintiffs and their respective veracity;

   e. Questioning and casting judgment on the plaintiffs for the personal property they owned, including a large holiday decoration collection;

   f. Prolonged delays in resolving the claims; and

   g. Making the unnoticed decision to cease housing benefits knowing the hardship and anxiety that would result.

83. In so acting, defendant State Farm's unreasonable and unexcused refusal to pay the insurance obligations owed under the State Farm policy entitles plaintiffs to the additional damages set forth in Section 375.420, RSMo for vexatious refusal, including:

   a. The amount of damages caused by the breach;

   b. Interest on said damages;

   c. Twenty-Five Percent (25%) of the first $15,000.00 of plaintiffs' damages;

   d. Ten Percent (10%) of any damage awarded above $15,000.00; and

   e. Reasonable attorney fess.

84. Said damages are in excess of Seventy Five Thousand Dollars ($75,000.00), stated for jurisdictional purposes only.

WHEREFORE plaintiffs Stephanie Wilson and Kevin Hammond pray the Court enter judgment in this Count IV for them and against defendant State Farm Fire and Casualty Company for that amount to fairly and wholly compensate them for the damages allowed under Illinois Law found starting at Section 215 § 5/154.6 including damages under section 155 and in excess of $75,000.00, or alternatively under Missouri law,  the damages said defendant's breach caused, interest on said damages, 25% additional damages for the first $15,000.00 of damage, 10% additional damages for each amount of damage in excess of $15,000.00, and reasonable attorney fees, as well as the costs expended herein and for any other such judgment favorable to plaintiffs the Court deems fair and just.

By    *Gregory G. Fenlon*
  Gregory G. Fenlon  #6194016
  601 S. Lindbergh
  St. Louis, Missouri  63131
  (314) 862-7999 – fax 862-8999
  Attorney for plaintiffs
  ggfmoatty@aol.com

St. Louis Lawyers Group,


By     *Gregory G. Fenlon*
   Gregory G. Fenlon  #6194016
   601 S. Lindbergh
   St. Louis, Missouri  63131
   (314) 862-7999 – fax 862-8999
   Attorney for plaintiffs
   ggfmoatty@aol.com